Curta, per
John,sow, J.
The counsel for the plaintiff *127 bave not insisted on the first ground of this motion, and sinee the case of Lindsay vs. the Commissioners, 2 Bay 38, the constitutional right to exercise this power purely for public purposes, has not as far as I can learn, ever been seriously doubted. All the cases proceed on the ground that there is a tacit reservation in every grant of freehold, of so much as may be necessary for the ordinary purpose of making roads and public highways ; and as a part of the eminent domain, the legislature has a righj to set it apart for that use, when public convenience requires it. Stark vs. M’Gowen, 1 Nott and M’Cord 387. State vs. Singleton, and Commissioners vs. Withers.
The act of 1788 declares “ that the commissioners of the roads, or a majority of them, according to their respective divisions, shall have full power to cut down and make use of, any timber, wood, earth, or stone in or near the said high roads, private paths, bridges, creeks and watercourses, for the purpose of making and repairing the same, as to them shall seem necessary. ”P.L. 445. And the argument of the counsel in support of the second ground, is that the defendant was not justified in cutting .the treés in question, because they were inclosed within a fence, and he urges that this was such an appropriation of them to the private use of the plaintiff as to take them out of the meaning of the act, contending that the same literal construction of the act which would justify the defendant in cutting them would also justify his taking the trees of an orchard, or those reserved for ornament, or even in demolishing buildings for the purpose of these repairs.
The terms of the act appear to me ex vi termini to refer exclusively to native forest timber trees, and in their practical application, which generally furnishes the safest guide to their interpretation, trees reserved for ornament and those cultivated for use, have always been respected as exempted from the operation of the act. The trespass *128 complained of in this case is for cutting native forest trees-, unreclaimed and unappropriated to any particular use, and tbe circumstance that they were inclosed in a fence is all that is relied on by the plaintiff, If by an ordinary fence the right to use them is taken away, a furrow or ideal line must have the same effect, and the act would exhibit the strange absurdity of conferring a right without the power of using it.

Motion refused.